IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  00-30070 |
| | ) | |
| RODRIGUEZ D. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Rodriguez D. Jones' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (d/e 96). Jones asks the Court to reduce his sentence based on the United States Sentencing Guidelines Amendment lowering the Guidelines sentencing range for certain categories of offenses involving crack cocaine. See Amendment 706 in Appendix C to the Guidelines Manual. As stated below, however, Jones is not eligible for such a sentence reduction for two reasons. First, Amendment 706 does not actually lower his base offense level, and second, even if it did, lowering his base offense level would not reduce his sentencing range. Thus, the Court denies the Motion.

1

On April 23, 2001, Jones was sentenced by this Court to 480 months imprisonment based on a conviction for conspiracy to distribute crack cocaine. His base offense level was 38, which was increased four levels for his role in the offense and because he possessed a gun. His total offense level was 42, which, with a criminal history category of VI, resulted in a Guidelines range of 360 to life. In certain categories of offenses involving crack cocaine, Amendment 706 results in a two-level reduction in base offense level. In Jones' case, however, it does not.

When the Court sentenced Jones originally, the Guidelines set distribution of 1.5 kilograms of crack cocaine as the threshold for the maximum base offense level of 38. United States v. Cole, 2008 WL 3992691, at *1 (C.D. Ill. Aug. 20, 2008). Amendment 706 changed the threshold for the base offense level of 38 to 4.5 kilograms of crack cocaine. Id. Thus, the sentence reduction possibility created by Amendment 706 "does not apply where more than 4.5 kilograms of crack is involved." United States v. Wanton, 525 F.3d 621, 622 (8th Cir. 2008). At Jones' sentencing, the Court accepted the Presentence Report's finding that Jones was accountable for approximately 90 kilograms of crack cocaine. See Transcript of Proceedings for April 24, 2001 (d/e 60), at 37. Thus, even

under an amended Guideline calculation, Jones still would have a base offense level of 38.

Moreover, even if Jones were to receive a two-level reduction in base offense level, his sentencing range would not change. If Jones were eligible for such a reduction, his base offense level would be 36, but with the additional four points, his total offense level would be 40, and his Guideline range would remain 360 to life.

The fact that the Amendment would not change Jones' Guideline range presents a question of statutory interpretation. Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except in certain circumstances, such as "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."

As Jones indicates, a number of district courts have concluded that a reduction in base offense level suffices to authorize a modification in sentence. See, e.g., United States v. Carter, 2008 WL 1820834, at *1 (W.D. Mo. Apr. 21, 2008); United States v. Barrett, 2008 WL 938926, at *1 (M.D. Fla. Apr. 7, 2008); United States v. Stokes, 2008 WL 938919, at

3

*1 (M.D. Fla. Apr. 7, 2008); United States v. Scheffler, 2008 WL 619369, at *3 (Dist. N.H. March 4, 2008); United States v. Molina, 541 F.Supp.2d 530, 534 (E.D.N.Y. 2008); United States v. Forty Estremera, 498 F.Supp.2d 468, 471 (Dist. P.R. Aug. 1, 2007). Yet, most courts that have taken up this issue have found that unless the applicable sentencing range changes, a reduction in base offense level does not allow for a sentence reduction. See, e.g., United States v. McFadden, 523 F.3d 839, 840 (8th Cir. 2008) (per curiam); United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997); United States v. Law, 2008 WL 2313132, at *1 (N.D. Ind. May 30, 3008).

This Court agrees with the latter group of courts. The pertinent statute prohibits modification of an already-imposed term of imprisonment unless the defendant was "sentenced to a term of imprisonment based on *a sentencing range* that has subsequently been lowered." 18 U.S.C. § 3582(c)(2) (emphasis added). A base offense level is not "a sentencing range." It is just one factor in calculating a sentencing range. Here, even with a lower base offense level, Jones' sentencing range would not change. Thus, even with a reduction in base offense level, the Court would lack authority to reduce his sentence.

THEREFORE, Defendant Rodriguez D. Jones' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (d/e 96) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: October 27, 2008

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE