E-FILED
Thursday, 28 April, 2016 04:30:57 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:00-cr-30070 |
| RODRIGUEZ D. JONES, | ) ) ) |
| Defendant. | ) |

### ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Defendant Rodriguez Jones is serving a 480-month term of imprisonment. Jones has filed two motions for a sentence reduction. For the reasons below, the motions (d/e 146, 152) are DENIED.

**I.  Background**

On April 23, 2001, after a jury trial, Jones was sentenced for conspiring to distribute 50 or more grams of crack cocaine. Jones's base offense level was 38 because he was held accountable for approximately 90 kilograms of crack cocaine—well above the 1.5-kilogram threshold needed at the time for a defendant to receive a base offense level of 38. Jones's offense level rose four levels to 42

because of his role in the offense and because he had possessed a gun.  With a total offense level of 42 and a criminal history category of VI, Jones's sentencing guideline range was 360 months to life.  As Judge Jeanne Scott noted at the sentencing hearing, "[3]60 months to life … is a fairly large range …. Unfortunately, your conduct as depicted here and the evidence at trial was that of the leader of the drug distribution of the witnesses who testified for the Government.  That it was a significant amount of crack cocaine … is an understatement.  That guns were handy to be available to those in the distribution process …. it was an ugly picture that was described of [the] activity that took place here.  And you were the leader of it."  (Apr. 23, 2001 sentencing transcript, d/e 146-1 at 24 of 30.)  Judge Scott sentenced Jones to 480 months in prison—well above the low end of Jones's guideline range.

Since 2001, Jones has appealed and challenged his sentence in a number of ways.  Most recently, on January 16, 2015, Jones filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (d/e 146).  Jones argues, varyingly, that under the amendments to the drug-quantity tables his proper offense level is either 26, 30, or

32. Whatever the calculation, Jones says, his amended guideline range is 168-210 months in prison.

The Court appointed George Taseff of the Federal Public Defender's Office to represent Jones. (See January 16, 2015 text order.) The Federal Public Defender subsequently filed a Motion to Withdraw as Counsel (d/e 148) on the ground that Jones is not eligible for a sentence reduction because Amendment 782 did not lower Jones's sentencing range.

However, the Federal Public Defender's motion inaccurately described the procedural history in Jones's case. Jones filed a "response" (d/e 150) to the motion pointing out the error and arguing the Federal Public Defender had not, as the Federal Public Defender claimed, reviewed Jones's case thoroughly. The Court denied the motion to withdraw and directed the Federal Public Defender to file an amended motion to reduce sentence or an amended motion to withdraw. (See February 2, 2016 text order.)

The Federal Public Defender filed an amended motion to withdraw as counsel (d/e 151), arguing again that Amendment 782 did not lower Jones's sentencing range. The Court granted this motion and invited Jones to file a pleading either conceding that he

is ineligible for a sentence reduction or explaining why he is eligible. (See February 5, 2016 text order.)

Jones responded by filing: (1) a response that was docketed as another motion for a sentence reduction (d/e 152); and (2) a response to the Federal Public Defender's amended motion to withdraw (d/e 153).

## II. The Motions for Reduction of Sentence

### A. The Court cannot reduce Jones's sentence because the sentence was not based on a sentencing range that has been subsequently lowered by the U.S. Sentencing Commission.

Congress has authorized the Court to modify a defendant's prison sentence if: (1) the original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As the plain language of Section 3582(c)(2) indicates, the provision "applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." Dillon v. United States, 560 U.S. 817, 825-26 (2010).

A court assessing a motion to reduce pursuant to an amendment to the sentencing guidelines must determine the guideline range that would have applied to the defendant if the amendment had been in effect at the time of the original sentence. See Dillon, 560 U.S. at 827.  Here, Jones's sentencing guideline range—360 months to life—would not have been different if Amendment 782 had been in effect at the time of Jones's sentencing.  Under Amendment 782, a defendant held responsible for more than 25.2 kilograms of crack cocaine receives a base offense level of 38.  Jones was held accountable for approximately 90 kilograms.  Therefore, even under Amendment 782, Jones's base offense level would be 38.  With the same four-level enhancement, his total offense level would be 42—the same total offense level that applied to Jones in 2001.  And with his criminal history category of VI, Jones's sentencing range would remain 360 months to life.  Because the amendments to the drug-quantity guidelines have not reduce Jones's sentencing guideline range, Section 3582(c)(2) does not authorize the Court to reduce Jones's sentence.

### B. No other authority authorizes the Court to reduce Jones's sentence.

Jones presents a number of arguments in his various filings, many of which are difficult to parse but all of which relate to the calculation of Jones's base offense level. Essentially, Jones argues that he was improperly held responsible for 90 kilograms of crack cocaine when in fact that amount should have been much lower.

But the Court does not have jurisdiction to re-open the question of how much crack cocaine was proper to attribute to Jones. "Once a district court enters a final judgment (which in a criminal case means the sentence) it lacks jurisdiction to continue hearing related issues, except to the extent authorized by statute or rule." United States v. Campbell, 324 F.3d 497, 500 (7th Cir. 2003) (Easterbook, J., concurring).

Under 18 U.S.C. § 3582(c), the Court may not modify an imposed term of imprisonment except in three narrow circumstances:

- Subsection 3582(c)(1)(A) authorizes the Court to reduce a sentence when the Director of the Bureau of Prisons files

a motion seeking that relief, if the Court finds that the defendant meets certain criteria;

- Subsection 3582(c)(1)(B) authorizes the Court to modify a sentence if "expressly permitted by statute" or by Federal Rule of Criminal Procedure 35 (which authorizes the Court to: (a) correct a sentence within 14 days to correct an arithmetical, technical, or other clear error; or (b) on the Government's motion, reduce a sentence in light of the defendant's substantial assistance in investigating or prosecuting another person); and

- Subsection 3582(c)(2) authorizes the Court to reduce a sentence if the defendant's term of imprisonment was based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission.

None of these circumstances exists in Jones's case. The Director of the Bureau of Prisons has not filed a motion; Jones's term of imprisonment was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and no other statute or Rule of Criminal Procedure authorizes a sentence reduction for Jones.

## III.  Conclusion

For the reasons above, the motions for a sentence reduction (d/e 146, 152) are DENIED.

ENTERED:  April 28, 2016

FOR THE COURT:  <u>s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE